IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NORTHINGTON H. BUTLER, | § |
| *Petitioner*, | § § § |
| v. | §  Civil Action No.  SA-13-CV-0311-XR |
| RICK THALER, Director, Texas Department of Criminal Justice, Institutional Division, | § § § § |
| *Respondent*. | § |

**ORDER ACCEPTING THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On this date, the Court reviewed the United States Magistrate Judge's Memorandum and Recommendation and Petitioner's response thereto. Docket Nos. 3 & 6.  After careful consideration, the Court ACCEPTS the Recommendation and DISMISSES this case.

**Standard of Review**

In the event a party objects to a Report or Recommendation by a Magistrate Judge, the District Court is required to conduct a *de novo* review. 28 U.S.C. § 636(b)(1).  Such a review means that the Court will examine the entire record and will make an independent assessment of the law.  The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).  Petitioner has filed written objections to the Magistrate Judge's Report. Docket No. 6.  Accordingly, the Court will conduct a *de novo* review.

1

## Background

On April 12, 2013, Northington H. Butler filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Butler is currently serving three 35-year sentences for aggravated robbery. He was sentenced on April 9, 2009. A Notice of Appeal was filed in each case, but the appeals were later dismissed by Butler. On August 3, 2008, while Butler was incarcerated at the Bexar County Adult Detention Center ("BCADC"), he was found guilty in a disciplinary proceeding of attempted escape. He was sentenced to 30 days of dayroom and recreation restriction and given a special security risk designation. Butler asserts that when he was later transferred to the custody of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), his security risk designation precluded him from participating in school and rehabilitation programs. Butler argues that a prohibition on participating in these activities amounts to a deprivation of a constitutionally protected liberty interest. Accordingly, he seeks to have the security designation removed. Butler further alleges that there was insufficient evidence to support his conviction of the disciplinary violation of attempted escape, and he seeks to have that conviction overturned.

## Analysis

**A. Statute of Limitations**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year period of limitations applies to § 2254 petitions for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). AEDPA describes four different events that could trigger the limitations period, including the date: (1) judgment became final, (2) a government-imposed impediment to filing was removed, (3) the constitutional right asserted was initially recognized by the Supreme Court, or (4) the factual predicate of the claims

presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

In the context of prison disciplinary proceedings, the date that the limitations period accrues is the earlier of either the conclusion of those proceedings or when a penalty is imposed. In the present case, Butler was found guilty of attempted escape by a disciplinary board on August 3, 2008. A penalty of restricted dayroom and recreation was imposed on that date. Docket No. 1 at 5. The Court therefore finds that the one-year limitations period accrued on August 3, 2008. The timely pendency of prison grievance procedures tolls the one-year limitations period. *Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002). However, Butler failed to pursue any prison grievance procedures to contest the conviction until September 7, 2012. Since over four years elapsed between the disciplinary proceeding and the filing of the grievance, Butler's grievance proceeding does not toll the AEDPA limitations period.

Butler also argues that the one-year limitations period should accrue on the date when he was transferred to the custody of TDCJ-CID. Docket No. 1 at 9. He asserts that his alleged liberty interest in participating in prison programs was not affected by the disciplinary conviction until he was placed in TDCJ-CID custody. *Id.* AEDPA provides that the one-year limitations period shall commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Assuming, for the sake of argument, that Butler was not actually aware that he was given a special security designation, Butler should have been able to discover, through the exercise of due diligence, that a conviction for attempted escape would result in heightened security measures. These measures would logically include restrictions on his freedom of movement within the prison, including the inability to participate in certain classes and

programs. Therefore, the Court finds that the limitations period for Butler's petition expired on August 3, 2009. Accordingly, his § 2254 claim is time-barred.

**B. Disciplinary Proceeding**

With respect to his disciplinary proceeding, Butler reiterates that he "is fully alleging the fact that there is no evidence of an escape," and asserts that "he should've been given the rights as laid out in *Wolff*." Docket No. 6 at 1-2. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court found that prisoners in disciplinary proceedings should be afforded: (1) advance written notice of charges, (2) a written statement by the fact-finder as to the evidence relied on, (3) the ability to call witnesses and present documentary evidence as long as institutional safety or correctional goals are not jeopardized, and (4) a sufficiently impartial fact-finder to weigh the evidence and allegations. *Id.* Butler has not indicated specifically which of the rights laid out in *Wolff* were violated nor has he provided any competent evidence indicating that such a violation actually occurred. Accordingly, Butler has failed to demonstrate that he was denied a constitutional right during the disciplinary proceedings against him.

**C. Liberty Interest**

Butler's claim should also be denied because he has not identified a valid liberty interest that has been violated by the state. The Supreme Court has recognized that, in the prison context, there are certain liberty interests which cannot be infringed by state action without first according due process. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). However, these cognizable liberty interests are generally limited to freedom from restraints that impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Id.* at 484.

Butler contends that the special security designation placed against him and the resultant inability to participate in school and prison programs amounts to the deprivation of a liberty interest. Butler asserts that he "is being treated completely different than other inmates which is extremely unusually harsh [sic]." Docket No. 6 at 2. Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law. *Sandin,* 515 U.S. at 485. Thus, a prisoner's change in status, including his placement in disciplinary segregation or lock-down; the loss of recreation and commissary privileges; and the imposition of cell restrictions, do not implicate a liberty interest because those penalties do not represent "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Nathan v. Hancock*, 477 F.App'x. 197, 199 (5th Cir. 2012) (quoting *Sandin*, 515 U.S. at 486)); *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000).

Likewise, Butler's security risk designation is not an atypical, significant deprivation which creates a liberty interest. *Smith v. Anderson*, 2013 WL 1182995 (S.D. Miss. Feb. 13, 2013)(plaintiff has no protected liberty interest in his security classification); *Adams v. Epps*, 334 F.App'x. 688, 689 (5th Cir. 2009) (prisoner does not have any constitutional interest in educational or rehabilitation programs provided by the prison). Butler points to *Giano v. Selsky*, 238 F.3d 223 (2nd Cir. 2001), in support of his argument that the state has violated a protected liberty interest in this case. In *Giano*, the petitioner had been placed in administrative segregation for an aggregate period of 762 days. Butler has not claimed that he has been placed in administrative segregation for an extended period of time, and therefore *Giano* is not applicable to the facts of this case. Accordingly, the Court finds that Butler has not established a violation of any valid liberty interest.

**Conclusion**

The Court agrees with the Magistrate Judge's recommendation that the petition should be dismissed as untimely. Furthermore the Court finds that the Petitioner has failed to state a valid claim of the denial of a constitutional right. Accordingly, Butler's habeas petition is DISMISSED.

SIGNED this 8th day of November, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE